UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROHAN HINDS (A-Number: 231-589-174),

        Petitioner,

    v.

CHRISTOPHER CHESTNUT,

        Respondent.

Case No.  1:26-cv-4619-DC-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Rohan Hinds, a citizen of Jamaica, entered the United States in March 1990 on a visitor visa.  He was detained by ICE on February 14, 2026, following an arrest by local authorities.  Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  For the following reasons, I recommend that the petition be granted and that petitioner be provided a bond hearing.

**Background**

On March 26, 1990, petitioner was admitted to the United States as a visitor.  ECF No. 7-1 at 2.  Petitioner's visitor visa expired on April 25, 1990.  *Id.*  Petitioner has lived in the United States since that time.  ECF No. 1 at 6.  He has an application to adjust status pending with USCIS.  ECF No. 7-1 at 2.

On February 10, 2026, petitioner was arrested for battery.  *Id.*  Local authorities released him to ICE custody on or about February 14, 2026, and petitioner has remained detained since

1

that date.  *Id.* at 1.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner claims that his detention without a bond hearing violates the Due Process Clause.[1]  ECF No. 1 at 2.  Respondent states that petitioner is detained under 8 U.S.C. § 1226(a).  ECF No. 7 at 3.  "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an [immigration judge] at any time before a removal order becomes final."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  Respondent argues that it is petitioner's obligation to request a bond hearing before the immigration court, and, because petitioner has not done so, the petition should be denied for his failure to exhaust administrative remedies.  ECF No. 7 at 2-3.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."  *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  To decide whether exhaustion is required, courts consider the *Puga* factors, evaluating whether:  (1) agency expertise makes

---

[1] Additionally, petitioner has filed a motion for appointment of counsel.  ECF No. 3.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  *See* Rule 8(c), Fed. R. Governing § 2254 Cases.  I do not find that the interests of justice require appointment of counsel at the present time.  Petitioner's motion to appoint counsel is therefore denied.

2

agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

At the outset, I note that this procedural posture is unusual in that respondent indicates that petitioner could have requested a bond hearing at any time since his detention, and it appears that petitioner has not made a request for a bond hearing in the exact manner prescribed by regulations. *See* 8 C.F.R. § 1003.19(c) (providing that, to request a bond redetermination, a petitioner shall submit an application to the immigration court or Office of the Chief Immigration Judge). I am guided by other courts in this District that have addressed these uncommon circumstances. For example, in *Chateauneuf v. Chestnut*, the court excused the exhaustion requirement and ordered a bond hearing. No. 1:26-cv-1073-DC-JDP, 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026). The court held that:

> [T]he court will waive the prudential exhaustion requirement because the relief that the court will grant by this order—a hearing in front of an immigration judge at which Petitioner's eligibility for bond must be considered—is precisely the relief that prudential exhaustion would require. . . . By granting Petitioner's motion in this case, the court ensures that an immigration judge with immigration expertise considers Petitioner's eligibility for release. Further, granting Petitioner's motion does not encourage the deliberate bypass of the administrative scheme because the court's order puts Petitioner in the same position as if she had formally requested a bond hearing.

*Id*. at *3. Similarly, in *Hernandez Burruel v. Murray*, the parties agreed that the petitioner's detention was governed by 8 U.S.C. § 1226(a). No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *2 (E.D. Cal. Nov. 20, 2025). The court excused the prudential exhaustion requirement and ordered a bond hearing. *Id*. Specifically, the court held that:

> As to the first *Puga* factor, here agency expertise is not necessary to generate a proper record or reach a proper decision. It is undisputed by the parties before the court that petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). Whether this court or an

3

immigration court directs that one be provided to petitioner is immaterial. As to the second *Puga* factor, relaxation of the exhaustion requirement in this context would not encourage deliberate bypass of the administrative scheme. Instead, requiring a bond hearing will shift initial decision-making authority back to the immigration court as appropriate. As to the third and final *Puga* factor, requiring administrative review of the need for a bond hearing is not likely to allow the agency to correct its own mistakes and preclude the need for judicial review. In fact, according to respondents, they have not yet even had the opportunity to make a mistake as to the provision of a bond hearing because petitioner has not, as far as they are concerned, properly requested one.

*Id*. at *3.

I agree with the reasoning of the courts to have addressed this issue and find that, in light of my recommendation that petitioner be afforded a bond hearing, the prudential exhaustion requirement should be excused. Accordingly, having addressed respondent's only argument in response to petitioner's claim, I find that petitioner is statutorily entitled to a bond hearing at which his eligibility for bond must be considered. To the extent that the government maintains that petitioner is eligible for a bond hearing, it is unknown why the government has not facilitated such a hearing in light of petitioner initiating this action. Therefore, petitioner should be afforded a bond hearing pursuant to section 1226(a). *See Chateauneuf*, 2026 WL 523695, at *5 (ordering a section 1226(a) bond hearing where petitioner had not petitioned the immigration court for such a hearing); *Hernandez Burruel*, 2025 WL 3240356, at *4 (same).

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion for appointment of counsel, ECF No. 3, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Within seven days of this order, petitioner (A-Number: 231-589-174) be provided a bond hearing before a neutral adjudicator pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. Within 24 hours of the

filing of the court's order, respondent shall personally serve petitioner with this order and file proof of such service on the docket.

    3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 9, 2026                      _____

                                   JEREMY D. PETERSON
                                   UNITED STATES MAGISTRATE JUDGE